# SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                          )
        Plaintiff,        )
                          )
        v.              )   **ID No.: 1505000293**
                          )
**PAUL DISABATINO,**       )
                          )
        Defendant.    )

## ORDER

Having considered Defendant, Paul DiSabatino's Motion for the Correction of an Illegal Sentence, it appears to the Court that:

1. On May 1, 2015 Defendant was arrested by New Castle County Police and charged with Insurance Fraud and Conspiracy First Degree. Bail was granted in the amount of $15,000 Cash only along with the condition of GPS Monitoring. On January 14, 2016 Defendant pled guilty to Criminally Negligent, Homicide Insurance Fraud and Conspiracy First Degree. On April 20, 2018 Defendant was sentenced as follows: Criminally Negligent Homicide - 8 years at Level V with credit for 13 days previously served suspended after 5 years; Insurance Fraud - 2 years at Level V suspended after I year; and Conspiracy First Degree - 5 years at Level V suspended after 4 years. Defendant was also sentenced to decreasing levels of probation for each of the charges. The Level V time was to run consecutively and the probation time concurrently. Defendant remained out on bail from 2015 until

the time of sentencing.  Essentially Defendant was out on bail for approximately 2 years and 10 months on a GPS Monitor.

2.  Defendant now claims that he is entitled to credit against his Level V time for the time he was on a GPS Monitor from the granting of his bail until the time of his sentencing.  Citing to the First Amendment of the United States Constitution Defendant argues that because his movements were restricted and monitored, he is therefore entitled to this credit against his Level V time. The First Amendment of the United States Constitution is not impacted in this matter.  The issue before the Court is governed by 11 *Del. C.* §3901(c) which provides in part that "Any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence."[1]  The Delaware Supreme Court has interpreted Section 3901 to mean that a defendant is not entitled to credit while at Level IV[2] and while on probation.[3]  Clearly if Level IV time, which is more restrictive than a GPS Monitor, does not give rise to a credit than a defendant is not entitled to credit while on bail.  Section 3901 clearly provides that a person be credited with "any period of actual incarceration".  A person released on bail with a GPS Monitor is not under actual incarceration.

---

[1] 11 *Del. C.* §3902(c).
[2] *Scott O. Johnson v. State of Delaware*, 1997 WL70827 (Del. Feb. 12, 1997)
[3] *Donald L. Shephard v. State of Delaware*, 1996 WL 585904 (Del. Oct 1, 1996).

2

Therefore, Defendant is not entitled to credit for the time he was out on bail and the Motion to Correct an Illegal Sentence is **DENIED** this 3rd day of February 2021.

**IT IS SO ORDERED.**

_____
Judge Francis J. Jones

Original to Prothonotary

cc:    John W. Downs, Deputy Attorney General
Brian J. Chapman, Esquire
Mr. Paul DiSabatino, SBI #00211700 , HRYCI